945 F.2d 408
 59 Fair Empl.Prac.Cas. (BNA) 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis S. ASHWAY, Plaintiff-Appellant,
v.
FERRELLGAS, INC., a Delaware corporation authorized in
Arizona, BUCKEYE GAS PRODUCTS COMPANY, JOHN DOES I
through V, Defendant-Appellee.
 No. 90-15008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1991.
Decided May 14, 1991.
Rehearing and Rehearing En Banc Granted, Memorandum Amended
Aug. 7, 1991.
 
 Before PREGERSON, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant Curtis S. Ashway brought an action against defendant-appellee Ferrellgas[1] ("the company") for terminating his employment for allegedly sexually harassing co-worker Sharon Tye. The district court granted summary judgment in favor of the company after finding the company adequately investigated the sexual harassment allegations before firing Ashway. We affirm.
 
 
 3
 * Ashway filed a complaint in state court for breach of his employment agreement, wrongful termination in violation of public policy, negligence in failing to properly investigate the sexual harassment allegations, and defamation. The company removed the action to federal district court. On April 20, 1989, the district court granted summary judgment for the company on all the counts. On December 4, 1989, the district court denied Ashway's motion for new trial or amendment of judgment and entered judgment for the company.
 
 
 4
 In granting summary judgment in favor of the company, the district court concluded that one common issue governed each of Ashway's causes of action: whether the company breached a duty to Ashway to adequately investigate the sexual harassment allegations before terminating him. The court found that the company met its duty, and that its investigation was adequate as a matter of law.
 
 
 5
 On appeal, Ashway essentially argues that the district court improperly granted summary judgment for two reasons. First, Ashway maintains the company's investigation was inadequate. Second, Ashway contends that, under Arizona law, the company's good faith belief that it had cause to fire him is not enough, and that the company had to have actual cause before terminating him. According to Ashway, material issues of fact remain in dispute regarding both issues.
 
 II
 
 6
 On the question of the adequacy of the investigation, we agree with the district court that the company's investigation was adequate as a matter of law. The company supported its summary judgment motion with documents, affidavits, and deposition testimony documenting its investigation. Personnel Director William Cahill described in his affidavit the steps he took to investigate Tye's complaint. Cahill stated he discussed Tye's allegations and Ashway's behavior at length with Tye, who seemed very sincere. Tye also provided Cahill with a written statement. Cahill then discussed Tye's complaint over the phone with Division Operations Manager John Jonescu, who had found Tye crying one night after a particular disturbing encounter with Ashway; with Robert Hetzler, Jonescu's supervisor; and with Ashway's supervisor and Tye's boss, Gilbert Johnson. Each of the men indicated Tye in no way provoked the conduct.
 
 
 7
 Cahill also discovered that Hetzler's secretary, Susan Richardson, had knowledge regarding the allegations. Cahill asked her to submit a written statement. Richardson's statement indicated that Tye told Richardson that Ashway had entered her office when she was alone, stood in front of her desk, fondled his genitals, said he was the biggest and best in town and told her angrily, "if she didn't want him, she didn't know what she was missing." Richardson also stated former employee Tammy Cooper told Richardson that Ashway routinely describe his sexual activities to her (Cooper) in detail. The company tried to locate Cooper but was unsuccessful.
 
 
 8
 Cahill stated he also discussed the matter with the company's area vice president and with corporate counsel, who advised Cahill to terminate Ashway. Based on that advice and the belief by Cahill, Hetzler and Hundley that Tye's allegations were true, the company instructed Hetzler to terminate Ashway unless Ashway did something to make Hetzler believe the allegations were false. On December 1, 1986, Johnson and Hetzler met with Ashway and gave him a copy of Tye's statement. Although Ashway appeared to be amused by the allegations, after some prodding he ultimately denied them. Hetzler determined Ashway was lying, and gave Ashway an hour to submit his resignation or be terminated. When Ashway refused to resign, he was terminated.
 
 
 9
 Ashway argues that certain deposition testimony by Jonescu, Johnson, Hetzler, and Richardson suggests that the company did not conduct the investigation in the manner described by Cahill. An examination of this testimony, however, reveals merely that the witnesses did not recall all their specific conversations with Cahill regarding Tye's complaint, and that they did not have personal knowledge of Ashway's harassing behavior. The testimony does not raise a genuine issue of material fact as to the adequacy of the investigation, or as to Cahill's credibility in describing the investigation.
 
 
 10
 Finally, as the district court pointed out, the fact that the company's investigation "may have been less extensive than the discovery involved in this case" does not mean the company did not adequately investigate Tye's allegations. Because Tye maintained that no other employees were present when the harassment occurred, the company's failure to interview Tye's other co-workers cannot be considered negligent.
 
 
 11
 We conclude that the company's investigation of Tye's complaint, which included interviews with Tye and four of her co-workers, written verification from Tye and Richardson, and a meeting with Ashway, was adequate as a matter of law. See Barrett v. Omaha National Bank, 726 F.2d 424, 427 (8th Cir.1984) (investigation of sexual harassment charges deemed adequate where employer interviewed complainant, alleged harassers, and two potential witness co-workers).
 
 III
 
 12
 Upon reconsideration of Ashway's contention that he was terminated without cause in violation of his employment agreement, we conclude that Ashway has raised a genuine issue of material fact as to the existence of cause. Accordingly, we reverse the district court's grant of summary judgement on this issue.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 14
 SO ORDERED.
 
 NOONAN, Circuit Judge, dissenting:
 
 15
 I dissent. Curtis S. Ashway is entitled to his day before a jury. His evidence raises serious doubts as to the adequacy of the investigation made by the company and even more serious doubts as to the existence of any cause for discharging him. He may well have been fired because of the fantasies of a coworker and the company's anxiety to do the politically correct thing. The material facts he puts at issue should properly have been determined by a jury.
 
 
 16
 Rehearing and Rehearing en Banc Granted, Memorandum Amended Aug. 7, 1991.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ferrellgas is the successor in interest to defendant/appellee Buckeye Gas Products Company, the entity that originally hired Ashway